**Cheryl K. CARLSON and Dennis E. Carlson, as Personal Representative of the Estate of Shirley Carlson, Plaintiffs,**

v.

**FREIGHTLINER L.C.C., Defendant.**

No. 4:03CV3208.

United States District Court,
D. Nebraska.

Dec. 16, 2004.

David S. Houghton, Robert W. Mullin, William G. Garbina, Lieben, Whitted Law Firm, Omaha, NE, for Plaintiffs.

Dean J. Sitzmann, Melanie J. Whittamore–Mantzios, Stephen L. Ahl, Wolfe, Snowden Law Firm, Lincoln, NE, for Defendant.

**MEMORANDUM AND ORDER**

KOPF, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R.Civ.P. 72(a), and NECivR 72.2, Defendant, on December 15, 2004, filed a statement of appeal (filing 147) concerning a portion of an order that was entered by Magistrate Judge

Piester on December 1, 2004 (filing 137).[1] Among other things, the challenged order provides:

> ... The rulings on documents submitted for in camera review are set forth in the appendix to this order and incorporated herein by reference. Except to the extent that defendant's objections were granted pursuant to the court's in camera review, plaintiffs' motion to compel Responses to Requests for Production Nos. 3 through 19 is granted, and on or before December 14, 2004:
>
> (i) Freightliner shall provide full and complete responses to Requests for Production Nos. 3 through 19; and
>
> (ii) This document production response shall be signed by not only Freightliner's counsel for this litigation, but also by Mr. Brian Burton, as in-house counsel for Freightliner. Mr. Burton shall formally verify under oath that all responsive documents have been disclosed and produced if they exist, and further, that no responsive documents have been destroyed or transferred, or, if some have been destroyed or transferred, he shall provide a complete listing and description of all such documents and when and by whom each was destroyed or transferred, together with a complete description of the circumstances of each document's destruction or transfer.

(Filing 137, at 66–67.)

Defendant raises two objections to this portion of the order. First, while representing that it has endeavored to produce the documents as ordered, Defendant contends that the December 14th deadline did not allow enough time for in-house counsel to make the required verification. No showing by affidavit or otherwise has been made in support of this contention, however. Second, Defendant objects to Judge Piester requiring in-house counsel to verify that "all responsive documents have been disclosed and produced if they exist." Defendant argues that in-house counsel cannot verify that all respon-

sive documents have been produced when some responsive documents are still being withheld under a claim of privilege, as allowed by the order. This is true, of course, but it would be a simple matter for Mr. Burton to avoid perjuring himself by including a statement to the effect that no production was made of documents as to which "defendant's objections were granted pursuant to the court's in camera review." This obviously is what Judge Piester intended, and, as thus construed, I find that the order is neither clearly erroneous nor contrary to law. Defendant's objections therefore will be denied and Judge Piester's order will be sustained.

Accordingly,

IT IS ORDERED that:

1. Defendant's statement of appeal (filing 147) is denied;

2. Defendant's motion for stay pending appeal (filing 145) is denied; and

3. the Magistrate Judge's order of December 1, 2004 (filing 137), shall not be disturbed and is hereby sustained.

---

1. In a contemporaneously filed motion (filing 145), Defendant has also applied for a partial stay of the order pending appeal. This motion for a stay ordinarily would be addressed by Judge Piester, *see* NECivR 72.2(d), but he is unavailable this week.